# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**REENA TOMLINSON a/k/a**
**RENNA NANAN, and**
**CODY TOMLINSON,**

      **Plaintiffs,**                           **Case No:**

**v.**

**SERVIS ONE, INC. d/b/a**                 **DEMAND FOR JURY TRIAL**
**BSI FINANCIAL SERVICES,**
**and HMC ASSETS, LLC**
**SOLELY IN ITS CAPACITY**
**AS SEPARATE TRUSTEE**
**OF CAM X TRUST, ITS**
**SUCCESSORS AND ASSIGNS,**

      **Defendants.**
_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

      **COME NOW**, Plaintiffs, **REENA TOMLINSON a/k/a RENNA NANAN** and

**CODY TOMLINSON** (collectively "Mr. and Mrs. Tomlinson" or "Plaintiffs"), by and

through the undersigned counsel, and hereby sue and file this Complaint and Demand for

Jury Trial with Injunctive Relief Sought against Defendant, **SERVIS ONE, INC. d/b/a**

**BSI FINANCIAL SERVICES** ("Debt Collector"), and Defendant, **HMC ASSETS,**

**LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF CAM X**

**TRUST, ITS SUCCESSORS AND ASSIGNS** ("Debt Owner") (collectively

"Defendants"), and in support thereof state as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **1** of 26

## *Introduction*

1.     This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' willful violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by improperly servicing Mr. and Mrs. Tomlinson's mortgage loan in reckless disregard for Mr. and Mrs. Tomlinson's consumer rights, which led to Mr. and Mrs. Tomlinson being named as defendants in a wrongful mortgage foreclosure action, among other improper collection activities, which have harassed Mr. and Mrs. Tomlinson and subjected them to egregious illegal collection activity.

## *Jurisdiction and Venue*

2.     This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331 as there exists federal question jurisdiction under the FDCPA.

3.     Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4.     Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5.     Plaintiff, Reena Tomlinson a/k/a Renna Nanan, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough  County,

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **2** of 26

Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.    Plaintiff, Cody Tomlinson, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

7.    At all times material hereto, Debt Owner was and is a foreign limited liability company with its principal place of business in the state of California, and its registered agent, COGENCY GLOBAL, INC., located at 115 North Calhoun Street, Suite 4, Tallahassee, FL 32301.

8.    At all times material hereto, Debt Collector was and is a foreign profit corporation with its principal place of business in the state of Texas and its registered agent, INCORP SERVICES, INC., located at 17888 67th Court North, Loxahatchee, FL 33470.

9.    Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

10.    At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. and Mrs. Tomlinson's alleged debt.

11.    At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. and Mrs. Tomlinson's alleged debt for Debt Owner.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **3** of 26

12.     As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

13.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. and Mrs. Tomlinson's information.

14.     Under information and belief, Debt Owner allowed Debt Collector to enter Mr. and Mrs. Tomlinson's information into Debt Owner's sales or customer systems.

15.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter for Debt Collector to use when sending collection letters to Mr. and Mrs. Tomlinson.

17.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FCCPA and FDCPA violations when servicing Mr. and Mrs. Tomlinson's mortgage loan and Debt Owner failed to stop such violations by Debt Collector.

18.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in servicing Mr. and Mrs. Tomlinson's mortgage loan on behalf of Debt Owner 1.

### ***Statements of Fact***

19.     On July 7, 2010, Mr. and Mrs. Tomlinson executed and delivered a note and mortgage (collectively "Mortgage") in favor of HomeBanc, N.A. secured by property located at 15408 Shoal Haven Place, Ruskin, FL 33573 ("Property").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **4** of 26

20.     Sometime thereafter, the Mortgage was sold, transferred, or assigned to Bank of America, N.A. ("BANA").

21.     Mr. and Mrs. Tomlinson thereafter fell behind on their monthly installment payments to BANA and defaulted on the Mortgage.

22.      As a result, on or around July 18, 2012, BANA filed an action seeking to foreclose on the Property and collect the deficiency owed under the Mortgage. *See* Hillsborough County Case No. 12-CA-011569 ("Foreclosure Case 1").

23.     On or around August 31, 2012, Mr. and Mrs. Tomlinson filed for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Texas, Case No. 12-10264-RLJ-13 ("Bankruptcy Case").

24.     Mr. and Mrs. Tomlinson listed BANA as a creditor and BANA received notice of the Bankruptcy Case petition via the Notice of Commencement.

25.     On January 17, 2013, BANA filed its proof of claim regarding the Mortgage in the amount of $89,615.10 in Mr. and Mrs. Tomlinson's Bankruptcy Case, labeled Proof of Claim No. 5-1. *See* **Exhibit A**.

26.     Mr. and Mrs. Tomlinson's Bankruptcy Case Chapter 13 plan provided that the bankruptcy trustee, Robert B. Wilson, Chapter 13 trustee ("Trustee") would pay the amount of Mr. and Mrs. Tomlinson's arrears (based on BANA's Claim No. 5-1).

27.     Mr. and Mrs. Tomlinson's Bankruptcy Case Chapter 13 plan provided that Mr. and Mrs. Tomlinson would pay their regular monthly loan payment directly to BANA.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page 5 of 26

28.    On November 30, 2012, Mr. and Mrs. Tomlinson's Bankruptcy Case Chapter 13 plan was confirmed.

29.    On or around December 1, 2015, Debt Owner gave notice that it had acquired BANA's Proof of Claim (Claim No. 5-1). *See* **Exhibit B.**

30.    In or around February of 2016, Debt Collector was assigned the servicing rights for the loan on the Property.

31.    After Debt Collector became servicer of the Mortgage, Mr. and Mrs. Tomlinson had issues remitting their regular monthly loan payment to Debt Collector as a result of the transfer in servicing.

32.    Consistent with the confirmed Bankruptcy Case Chapter 13 plan, Mr. and Mrs. Tomlinson attempted to timely make their regular monthly loan payments and contacted Debt Collector multiple times to figure out how to properly remit the payment after Debt Collector was transferred servicing on the Mortgage, to no avail.

33.    Finally, Mr. and Mrs. Tomlinson's bankruptcy counsel and Defendants' bankruptcy counsel worked out a payment arrangement, wherein Mr. and Mrs. Tomlinson would remit a lump sum of $8,745.57 via cashier's check to Defendant to bring the Mortgage current through September of 2016.

34.    On August 24, 2016, Mr. and Mrs. Tomlinson remitted a lump sum of $8,745.57 via cashier's check to their attorney to send to Debt Collector as agreed. *See* **Exhibit C.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **6** of **26**

35.     Mr. and Mrs. Tomlinson paid the lump sum of $8,745.57 in the interest of getting current on the Mortgage despite their reservations that Debt Collector was holding excess escrow funds that should have been applied to the Mortgage.

36.     Mr. and Mrs. Tomlinson were thereby current on their regular monthly loan payment to Debt Collector through September of 2016.

37.     However, on August 26, 2016, Debt Collector filed a motion for relief from stay regarding the Property. *See* **Exhibit D, "Motion for Relief."**

38.     In support of Debt Collector's Motion for Relief, Debt Collector also filed an Affidavit that stated the total post-petition arrearage due as of July 24, 2016 was $7,658.15 and attached Mr. and Mrs. Tomlinson's relevant payment history. *See* **Exhibit E.**

39.     In response, Mr. and Mrs. Tomlinson's bankruptcy counsel filed a Response to Motion for Relief from Stay, stating, in relevant part:

> The allegations in paragraphs 8 (a) and (b) are denied. A cashier's check in the amount of $8,745.57 was sent from the debtors' attorney's office on August 30, 2016. This payment will bring the account current through September 2016. ***The debtors have tried on numerous occasions to find out the balance and make sure the payments have been properly [sic] applied. Bank of America transferred the loan to BSI in February 2015 however. BSI did not seem to have the correct bankruptcy information.*** The amount BSI was sending the clients did not reflect payments being paid through the bankruptcy. Debtors feel the most recent amount owed provided by BSI's attorney is an accurate reflection on what is owed and have promptly made the payment to bring their account current.
>
> *See* **Exhibit F, ¶ 8 (emphasis added).**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **7** of 26

40. After a hearing was held on November 2, 2016, an agreed order was entered regarding Debt Collector's Motion for Relief. *See* **Exhibit G, "Agreed Order."**

41. The Agreed Order required that Mr. and Mrs. Tomlinson timely remit their regular monthly mortgage payments to Debt Collector beginning on or after the first day of October 2016. *See* **Exhibit G.**

42. Starting in October of 2016, Mr. and Mrs. Tomlinson timely made their regular monthly loan payments to Debt Collector as required under the Agreed Order. *See* **Exhibit H.**

43. On May 1, 2017, Mr. and Mrs. Tomlinson completed their Chapter 13 plan.

44. That same day, the Chapter 13 Trustee filed a Notice of Final Cure Payment regarding the Mortgage pursuant to Fed. R. Bank. P. 3002.1(f). *See* **Exhibit I** ("Notice of Final Cure Payment")**.**

45. The Notice of Final Cure Payment states, in relevant part, that,

> Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Robert B. Wilson, files this Notice of Final Cure Payment. The amount required to cure the default in the claim listed below has been paid in full.

*See* **Exhibit I.**

46. Neither Debt Owner nor Debt Collector objected to the Notice of Final Cure Payment.

47. The Trustee made all timely payments under the Bankruptcy Case Chapter 13 plan towards Mr. and Mrs. Tomlinson's arrears.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page 8 of 26

48.     Mr. and Mrs. Tomlinson made all payments required under their Bankruptcy Case Chapter 13 plan towards the Mortgage.

49.     Accordingly, on July 10, 2017,   the Court entered an order granting Mr. and Mrs. Tomlinson a discharge in the Bankruptcy Case ("Discharge Order"). *See* **Exhibit J.**

50.     Discharge Order states, in relevant part, that:

> 1. Debtor has paid all amounts payable by debtor under a judicial or administrative order, or by statute . . . that were due on or before the date of certification, including prepetition amounts, and provided for by the plan (including all payments designated as "direct").
> . . .
> 5. Debtor(s) have completed all payments under the plan including direct payments.
> . . .
> All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

*See* **Exhibit J.**

51.     At no time did Debt Owner object to or dispute the details of the claims filed in the Bankruptcy Case after the Agreed Order was entered.

52.     At no time did Debt Owner object to or dispute the Discharge Order.

53.     At no time did Debt Collector object to or dispute the details of the claims filed in the Bankruptcy Case after the Agreed Order was entered.

54.     At no time did Debt Collector object to or dispute the Discharge Order.

55.     On August 22, 2017, Foreclosure Case 1 was also dismissed. *See* **Exhibit K.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **9** of 26

56.    After the Discharge Order was entered, Mr. and Mrs. Tomlinson attempted to make their August of 2017 installment payment towards the Mortgage to Debt Collector just like they had done previously every other month since October of 2016. *See* **Exhibit H, p. 1.**

57.    Despite Mr. and Mrs. Tomlinson doing everything they were supposed to do under the Agreed Order, Debt Collector rejected their August of 2017 installment payment towards the Mortgage and informed them that the reason for the rejection was that:

>  X  Your loan is in foreclosure.

**See Exhibit L, "August Foreclosure Letter."**

58.    Mr. and Mrs. Tomlinson, after years of working to get their lives back on track, were horrified and confused when they received Debt Collector's August Foreclosure Letter.

59.    Hoping that it was just a mistake, Mr. and Mrs. Tomlinson contacted Debt Collector, told Debt Collector that their August 2017 payment should not have been rejected, and tried to provide Debt Collector with documentation showing the Mortgage was current because the $8,745.57 lump sum payment was remitted back in August of 2016 and all payments were timely remitted since that time.

60.    In response, Debt Collector informed Mr. and Mrs. Tomlinson that they owed approximately $5,000.00 towards the Mortgage because payments from April of 2017 had not been applied to the month of April of 2017, but instead had been applied to previous months that were in default.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **10** of 26

61.    Debt Collector continued to fail to properly credit and apply the lump sum of $8,745.57 to Mr. and Mrs. Tomlinson's Mortgage account.

62.    On August 18, 2017, Debt Collector sent Mr. and Mrs. Tomlinson a collection letter that listed the Property address, the Amount Due as $5,399.12, a Due Date of 09/01/17, and a late fee of $18.55 if payment was received after September 16, 2017. *See* **Exhibit M.**

63.    Mr. and Mrs. Tomlinson again informed Debt Collector of its error, but Mr. and Mrs. Tomlinson's information fell on deaf ears.

64.    On September 11, 2017, Mr. and Mrs. Tomlinson attempted to make their September of 2017 installment payment towards the Mortgage to Debt Collector.

65.    On September 18, 2017, Debt Collector sent Mr. and Mrs. Tomlinson a collection letter that listed the Property address, the Amount Due as $6,193.45, a Due Date of 10/01/17, and a late fee of $18.55 if payment was received after October 16, 2017. *See* **Exhibit N.**

66.    On September 20, 2017, Debt Collector sent Mr. and Mrs. Tomlinson a Notice of Default and Intent to Accelerate. *See* **Exhibit O, "Notice of Default."**

67.    The Notice of Default identified Debt Owner and demanded payment in the amount of $5,497.76 by October 25, 2017 to cure the default on the Mortgage, relying upon payments that had allegedly not been made dating back to April 1, 2017. *See* **Exhibit O.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **11** of 26

68.     Debt Collector rejected Mr. and Mrs. Tomlinson's September of 2017 installment payment towards the Mortgage and informed them that the reason for the rejection was that:

 X  Your loan is in foreclosure.

*See* **Exhibit P, "September Foreclosure Letter."**

69.     Mr. and Mrs. Tomlinson again informed Debt Collector of its error, but Mr. and Mrs. Tomlinson's information once again fell on deaf ears.

70.     Notably, Mr. and Mrs. Tomlinson most often discussed the improper servicing of the Mortgage with Debt Collector's representative, "Admiral Harper."

71.     Debt Collector has rejected each and every one of Mr. and Mrs. Tomlinson's installment payments towards the Mortgage since August of 2017.

72.     On October 10, 2017, Mr. and Mrs. Tomlinson were shocked to see that Debt Collector had furnished negative credit information regarding the Mortgage to Experian, which was now reporting on both of their consumer reports with an overdue balance of $77,412.00 and a status of, "Foreclosure proceedings started. $4,491 past due as of Aug 2017." *See* **Composite Exhibit Q.**

73.     That same day, Mr. and Mrs. Tomlinson were shocked to see that Debt Collector had also furnished negative credit information regarding the Mortgage to Trans Union, which was now reporting on both of their consumer reports with a maximum delinquency of 120 days with an overdue balance of $4,491.00 and in foreclosure proceedings. *See* **Composite Exhibit R.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **12** of 26

74. Mr. and Mrs. Tomlinson suffered multiple credit denials as a direct and proximate result of Debt Collector's improper credit reporting.

75. On December 18, 2017, Debt Collector sent Mr. and Mrs. Tomlinson a collection letter that listed the Property address, the Amount Due as $8,299.07, a Due Date of 01/01/18, and a late fee of $0.00 if payment was received after January 16, 2018. *See* **Exhibit S.**

76. When Mr. and Mrs. Tomlinson did not think it could get any worse, Debt Owner filed a new action seeking to foreclose on the Property and collect the deficiency owed under the Mortgage, dating back to April 1, 2017. *See* Hillsborough County Case No. 18-CA-000825 ("Foreclosure Case 2"). ***See* Exhibit T, "Foreclosure Case 2 Complaint" (exhibits omitted)**.

77. Debt Collector is named as "Servicer and Attorney-in-Fact" for Debt Owner in Foreclosure Case 2. *See* **Exhibit T, p. 10.**

78. On February 8, 2018, Mr. and Mrs. Tomlinson were humiliated when they were served with process in Foreclosure Case 2.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")* *(against Debt Collector)*

79. Mr. and Mrs. Tomlinson re-allege paragraphs 1-78 and incorporate the same herein by reference.

80. Mr. Tomlinson is a "consumer" within the meaning of the FDCPA.

81. Mrs. Tomlinson is a "consumer" within the meaning of the FDCPA.

82. The alleged Mortgage debt is a "consumer debt" within the meaning of the FDCPA.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **13** of 26

83.    Debt Collector is a "debt collector" within the meaning of the FDCPA because Debt Collector acquired the Mortgage loan after the loan was in default.

84.    Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

a.    Debt Collector violated 15 U.S.C. § 1692c (b) by communicating improper credit reporting information regarding the Mortgage and Mr. and Mrs. Tomlinson to the consumer reporting agencies in connection with the collection of the Debt.

b.    Debt Collector violated 15 U.S.C. § 1692d by improperly servicing Mr. and Mrs. Tomlinson's Mortgage despite Mr. and Mrs. Tomlinson's repeated attempts to correct Debt Collector's servicing errors; pursuing the wrongful foreclosure action, Foreclosure Case 2, against Mr. and Mrs. Tomlinson; furnishing improper credit reporting information regarding the Mortgage and Mr. and Mrs. Tomlinson to the consumer reporting agencies; the natural consequence of which is to harass or abuse Mr. and Mrs. Tomlinson in connection with the collection of the Debt.

c.    Debt Collector violated 15 U.S.C. § 1692e (2) (A) by falsely representing the amount of the Debt due to its failure to properly service the Mortgage, by falsely representing that the legal status of the Debt is in foreclosure, and by falsely representing that Debt

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **14** of 26

Collector has the legal right to reject Mr. and Mrs. Tomlinson's regular monthly Mortgage payments since August of 2017.

d. Debt Collector violated 15 U.S.C. § 1692e (4) by falsely representing that nonpayment of the Debt will result in the sale of the Property in Foreclosure Case 2 when such action would be unlawful.

e. Debt Collector violated 15 U.S.C. § 1692e (8) by communicating to the consumer reporting agencies credit information regarding the Mortgage which was either known or should have been known to be false.

f. Debt Collector violated 15 U.S.C. § 1692e (10) by using false representations and deceptive means to collect the Debt.

g. Debt Collector violated 15 U.S.C. § 1692f by using unfair and unconscionable means, including filing Foreclosure Case 2, to collect the Debt.

h. Debt Collector violated 15 U.S.C. § 1692f (1) by collecting amounts that are not expressly authorized by the Mortgage or permitted by law.

85.    As a result of the above violations of the FDCPA, Mr. and Mrs. Tomlinson have been subjected to illegal collection activities for which they have been damaged.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **15** of **26**

86.     Debt Collector's actions were either intentional or grossly negligent as, in addition to complying with their loan payment requirements, Mr. and Mrs. Tomlinson did everything in their power to notify Debt Collector and/or Debt Owner of the improper servicing on Mr. and Mrs. Tomlinson's loan. Debt Collector failed to follow any reasonable default servicing standards that would prevent it from, for example, filing the wrongful foreclosure action, Foreclosure Case 2, against its borrowers. Instead, despite multiple warnings from Mr. and Mrs. Tomlinson over several years regarding Debt Collector's need to review the Mortgage file in full, Debt Collector's obligations to properly credit Mr. and Mrs. Tomlinson's Mortgage account under the Agreed Order, and Debt Collector's improper servicing of the Mortgage generally, Debt Collector intentionally disregarded Mr. and Mrs. Tomlinson's attempts to correct the situation, which has caused Mr. and Mrs. Tomlinson extreme emotional distress. Mr. and Mrs. Tomlinson, among other things, contacted Defendant through their counsel during the Bankruptcy Case and spoke numerous times with "Admiral Harper" regarding the improper servicing of the Mortgage, which attempts Debt Collector intentionally disregarded.

87.     Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them embarrassment.

88.     Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them extreme emotional distress.

89.     Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them to lose sleep.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page 16 of 26

90.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them anxiety.

91.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them aggravation and annoyance.

92.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by invading their privacy.

93.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by harming their reputation.

94.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by significantly delaying the fresh start they were guaranteed as a result of their compliance with their Bankruptcy Case and subsequent Discharge Order.

95.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by wasting their time speaking with representatives of Debt Collector and worrying about improper credit reporting by Debt Collector.

96.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by lowering their credit scores, hindering their ability to obtain new credit, forcing them to suffer multiple denials of credit, and by causing them to pay increased interest rates.

97.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by forcing them to retain counsel to defend Foreclosure Case 2 when Foreclosure Case 2 is a wrongful foreclosure action for fear of losing their home.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **17** of **26**

98.    It has been necessary for Mr. and Mrs. Tomlinson to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

99.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Debt Collector as follows:

    a.    Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A) for each Plaintiff;

    b.    Awarding actual damages;

    c.    Awarding costs and attorneys' fees; and

    d.    Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (against Debt Collector)*

100.    Mr. and Mrs. Tomlinson re-allege paragraphs 1-78 and incorporate the same herein by reference.

101.    Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a.    Debt Collector violated Fla. Stat. § 559.72 (5) by disclosing to the consumer reporting agencies information affecting Mr. and Mrs. Tomlinson's reputation when Debt Collector had reason to know that the information was false.

    b.    Debt Collector violated Fla. Stat. § 559.72 (7) by willfully failing to properly service the Mortgage, by willfully filing Foreclosure

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page 18 of 26

Case 2 when it is a wrongful foreclosure case, and by willfully furnishing negative credit reporting information to the consumer reporting agencies regarding Mr. and Mrs. Tomlinson, which can all reasonably be expected to abuse or harass Mr. and Mrs. Tomlinson.

    c.   Debt Collector violated Fla. Stat. § 559.72 (9) by claiming and attempting to enforce the Debt by sending collection letters and filing Foreclosure Case 2 when Debt Collector knows that the Debt is not legitimate and that Debt Collector does not have the legal right to pursue Foreclosure Case 2.

102.    As a result of the above violations of the FCCPA, Mr. and Mrs. Tomlinson have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

103.    Debt Collector's actions were done with malicious intent and with a reckless disregard of Mr. and Mrs. Tomlinson's rights, as Debt Collector's actions are wholly without cause or excuse, when 1.) Mr. and Mrs. Tomlinson did not choose Debt Collector to service their loan; 2.) Mr. and Mrs. Tomlinson have suffered improper collection attempts for years that stem from Debt Collector's failure to properly servicing the mortgage and apply Mr. and Mrs. Tomlinson's lump sum payment to the Mortgage as agreed and continue to accept Mr. and Mrs. Tomlinson's payments towards the Mortgage pursuant to the Agreed Order; 3.) despite Debt Collector knowing for years, by way of numerous communications from Mr. and Mrs. Tomlinson to Debt Collector, as well as

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **19** of 26

Mr. and Mrs. Tomlinson's bankruptcy attorney to Debt Collector's bankruptcy attorney, that Mr. and Mrs. Tomlinson were not in default, but rather Debt Collector was in default. There is no cause or excuse for Debt Collector to violate the law for years, while being on notice for years, as a result of its own failures, and despite Mr. and Mrs. Tomlinson going to every length to correct the problem. This problem would not have occurred but for Debt Collector's failure to properly service the Mortgage, and Debt Collector's subsequent willful, knowing, and conscious disregard for the law. Debt Collector decided to go to the egregious extent of filing Foreclosure Case 2 without ever taking the time to review the Mortgage file to find that it was Debt Collector who had erred, not Mr. and Mrs. Tomlinson.

104. Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them extreme emotional distress.

105. Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them embarrassment.

106. Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them extreme emotional distress.

107. Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them to lose sleep.

108. Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them anxiety.

109. Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them aggravation and annoyance.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **20** of **26**

110.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by invading their privacy.

111.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by harming their reputation.

112.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by significantly delaying the fresh start they were guaranteed as a result of their compliance with their Bankruptcy Case and subsequent Discharge Order.

113.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by wasting their time speaking with representatives of Debt Collector and worrying about improper credit reporting by Debt Collector.

114.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by lowering their credit scores, hindering their ability to obtain new credit, forcing them to suffer multiple denials of credit, and by causing them to pay increased interest rates.

115.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by forcing them to retain counsel to defend Foreclosure Case 2 when Foreclosure Case 2 is a wrongful foreclosure action for fear of losing their home.

116.    It has been necessary for Mr. and Mrs. Tomlinson to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

117.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page 21 of 26

a. Awarding statutory damages as provided by Fla. Stat. §559.77 for each Plaintiff;

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

118.   Plaintiff re-alleges paragraphs 1-78 and incorporates the same herein by reference.

119.   At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

120.   Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

a. Debt Collector violated Fla. Stat. § 559.72 (5) by disclosing to the consumer reporting agencies information affecting Mr. and Mrs. Tomlinson's reputation when Debt Collector had reason to know that the information was false.

b. Debt Collector violated Fla. Stat. § 559.72 (7) by willfully failing to properly service the Mortgage, by willfully filing Foreclosure Case 2 when it is a wrongful foreclosure case, and by willfully

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page **22** of 26

furnishing negative credit reporting information to the consumer reporting agencies regarding Mr. and Mrs. Tomlinson, which can all reasonably be expected to abuse or harass Mr. and Mrs. Tomlinson.

c. Debt Collector violated Fla. Stat. § 559.72 (9) by claiming and attempting to enforce the Debt by sending collection letters and filing Foreclosure Case 2 when Debt Collector knows that the Debt is not legitimate and that Debt Collector does not have the legal right to pursue Foreclosure Case 2.

121.    As a result of the above violations of the FCCPA, Mr. and Mrs. Tomlinson have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

122.    Debt Collector's actions were done with malicious intent and with a reckless disregard of Mr. and Mrs. Tomlinson's rights, as Debt Collector's actions are wholly without cause or excuse, when 1.) Mr. and Mrs. Tomlinson did not choose Debt Collector to service their loan; 2.) Mr. and Mrs. Tomlinson have suffered improper collection attempts for years that stem from Debt Collector's failure to properly servicing the mortgage and apply Mr. and Mrs. Tomlinson's lump sum payment to the Mortgage as agreed and continue to accept Mr. and Mrs. Tomlinson's payments towards the Mortgage pursuant to the Agreed Order; 3.) despite Debt Collector knowing for years, by way of numerous communications from Mr. and Mrs. Tomlinson to Debt Collector, as well as Mr. and Mrs. Tomlinson's bankruptcy attorney to Debt Collector's bankruptcy attorney,

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page 23 of 26

that Mr. and Mrs. Tomlinson were not in default, but rather Debt Collector was in default. There is no cause or excuse for Debt Collector to violate the law for years, while being on notice for years, as a result of its own failures, and despite Mr. and Mrs. Tomlinson going to every length to correct the problem. This problem would not have occurred but for Debt Collector's failure to properly service the Mortgage, and Debt Collector's subsequent willful, knowing, and conscious disregard for the law. Debt Collector decided to go to the egregious extent of filing Foreclosure Case 2 without ever taking the time to review the Mortgage file to find that it was Debt Collector who had erred, not Mr. and Mrs. Tomlinson.

123.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them extreme emotional distress.

124.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them embarrassment.

125.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them extreme emotional distress.

126.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them to lose sleep.

127.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them anxiety.

128.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by causing them aggravation and annoyance.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page 24 of 26

129.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by invading their privacy.

130.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by harming their reputation.

131.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by significantly delaying the fresh start they were guaranteed as a result of their compliance with their Bankruptcy Case and subsequent Discharge Order.

132.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by wasting their time speaking with representatives of Debt Collector and worrying about improper credit reporting by Debt Collector.

133.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by lowering their credit scores, hindering their ability to obtain new credit, forcing them to suffer multiple denials of credit, and by causing them to pay increased interest rates.

134.    Debt Collector's illegal actions have harmed Mr. and Mrs. Tomlinson by forcing them to retain counsel to defend Foreclosure Case 2 when Foreclosure Case 2 is a wrongful foreclosure action for fear of losing their home.

135.    It has been necessary for Mr. and Mrs. Tomlinson to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

136.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Debt Owner  as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page 25 of 26

a.  Awarding statutory damages as provided by Fla. Stat. §559.77 for each

Plaintiff;

b.  Awarding actual damages;

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the

Defendant; and

g.  Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted this **February 22, 2018**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Reena Tomlinson and Cody Tomlinson v. BSI Financial Services and HMC Assets, LLC*
Page 26 of 26